## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | |
|---|---|
| ROBERT JEFFREY,<br>on behalf of himself and all<br>others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE BANK (USA), N.A.,<br><br>Defendant. | CASE NO. CV416-218 |

### O R D E R

Before the Court is Defendant's Motion to Transfer Venue. (Doc. 10.) In the motion, Defendant requests that the Court transfer the case to the Northern District of Georgia. (Id.) Plaintiff has stated that he does not oppose such a transfer. (Doc. 11.)

Plaintiff has alleged a putative national class action against Defendant for violating the Telephone Consumer Protection Act by calling individuals on their cellular telephone with an autodialer after those individuals had revoked their consent. (Doc. 1.) This case was filed on August 5, 2016. (Id.) However, a similar case was filed on November 18, 2015 in the Northern District of Georgia, Atlanta Division. See Rogers v. Capital One, No. 1:15-cv-04016. That case involves plaintiffs residing in Georgia

and Missouri who claim that Defendant called their cell phones with an autodialer after they had revoked consent. (Doc. 10 at 2.) Defendant requests that the Court transfer this case to the Northern District of Georgia to avoid litigating the two cases in different jurisdictions. (Doc. 10 at 1.)

A case may be transferred to another district where a related action was first filed. "Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005) (citing United States Fire Ins. Co. v. Goodyear Tire & Rubber Co., 920 F.2d 487, 488 (8th Cir. 1990) (describing the first-filed rule as "well-established"); Church of Scientology of Cal. v. United States Dep't of Def., 611 F.2d 738, 750 (9th Cir. 1979) (noting that the first-filed rule "should not be disregarded lightly")). Moreover, when a transfer is requested because of the first-filed rule, the party objection to jurisdiction carries "the burden of proving compelling circumstances to warrant an exception to the first-filed rule." Id. (quotations omitted).

The Court recognizes that it is appropriate to transfer this case pursuant to the first-filed rule. Moreover, the Court concludes that litigating the two cases in different courts could result in needless burden on witnesses, the parties, the courts, and jurors and could result in conflicting decisions. Accordingly, after a review of the record in this case and considering that Plaintiff does not object to the transfer, Defendant's Motion to Transfer Venue (Doc. 10) is **GRANTED**. The Clerk of Court is **DIRECTED** to **TRANSFER** this case to the **United States District Court for the Northern District of Georgia, Atlanta Division**. Following transfer, the Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 11th day of October 2016.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA